## CHARLEY WILLIAMSON v. THE STATE.

*No. 3765.    Decided October 17.*

1.   **Theft—Circumstantial Evidence—Charge of the Court.** — On a trial for horse theft, where the evidence as to the original taking was entirely circumstantial, and the court charged·the jury, "In this case the State relies upon circumstantial evidence, and to justify a conviction upon such evidence alone the facts relied upon must be absolutely incompatible with the innocence of the accused. and incapable of explanation upon any other reasonable hypothesis than that of guilt," *held*, that this charge was correct as far as it went, but was essentially defective, since it furnished no rule governing the jury in weighing each fact or circumstance, and by grouping them together as a whole thereby determining whether they were consistent with each other as well as with defendant's guilt, and leading to a moral certainty that defendant and no one else committed the offense.

2.   **Charge of Court — Recent Possession.** — Where the evidence shows only a recent possession of stolen property, unexplained, the court should in effect charge the jury that to warrant a conviction they must be satisfied that the possession was recent, personal, exclusive, unexplained, and involved a distinct and conscious assertion of property by the defendant, before they would be warranted in finding a verdict of guilty.

3.   **Same.**—See a charge on recent possession of property, held to be wholly insufficient.

4.   **Recent Possession, Rules as to.**—See the opinion of the court as to the rules of recent possession of stolen property—that is, the rule which obtains where such possession is accompanied with explanation and the rule as to where there has been no explanation.

5.   **Charge of Court—Evidence of Theft of Other Property.**—Where there is evidence adduced by the State proving or tending to prove that another animal was stolen at the same time and place as that alleged, it is error for the court to fail to instruct the jury that such testimony can only be considered by them to establish identity in developing *res gestæ*, or to prove the guilt of accused by circumstances connected with the theft, or to show the intent with which the defendant acted with respect to the property for the theft of which he is on trial, and that the defendant could not be convicted for the theft of any other property than that named in the indictment.

APPEAL from the District Court of Llano.   Tried below before Hon. W. M. Allison.

Appellant was convicted on an indictment charging him with theft of a horse, and given five years in the penitentiary as his punishment. The evidence as to his connection with the fraudulent taking of the horse was entirely circumstantial, and the State relied for a conviction mainly upon the possession of the animal recently after· it was stolen. The opinion disposes of the case on appeal by pointing out errors and defects in the charge of the court.  The charge upon circumstantial evidence, which was held defective, is copied in paragraph 1 of the syllabus. That upon recent possession will be found in the body of the opinion.

*Ward & Faulk* and *James Flack*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—At the last Austin Term a motion for rehearing was granted in this case, and was transferred to this branch of the court for determination. Appellant was convicted of the theft of a horse.

There was no direct and positive testimony connecting him with the original fraudulent taking of the animal, but the evidence as presented by the record in behalf of the State makes the case one of possession of property recently stolen. In the aspect in which the case is presented by the evidence for the State it was essential that the court should have charged the jury fully upon the law with regard to circumstantial evidence, and also the law with reference to possession of recently stolen property.

As to the law of circumstantial evidence, the charge of the court, while abstractly correct as far as it went, did not lay down the rule by which the jury must be governed in weighing each fact or circumstance, and then grouping them together as a whole, determining whether they were consistent with each other as well as with the defendant's guilt, and leading to a moral certainty that the defendant, and no one else, committed the offense. In other words, the charge, as given upon circumstantial evidence, furnishes no aid to the jury in determining what weight should be given to this character of testimony, and upon what hypothesis they would be authorized to convict in view of the evidence, and was therefore erroneous in not stating the law fully upon this subject. Willson's Crim. Forms, No. 714, p. 334. It is well settled that a failure of a trial judge to charge upon circumstantial evidence in a case when this character of evidence is alone relied upon for a conviction is a reversible error, and it has been repeatedly further held such error as requires a reversal of the case, although it was not excepted to at the trial. Conner v. The State, 17 Texas Ct. App., 1, and authorities cited. A charge on circumstantial evidence such as the one given in this case, and in almost the literal language of the charge now before us, was held insufficient and erroneous in Hannah v. The State, 27 Texas Court of Appeals, 623.

With regard to recent possession, the court charged the jury as follows, to-wit: "Recent possession of property alleged to be stolen is a circumstance to be considered by the jury in connection with the other evidence in this case." In so far as it states a legal proposition, abstractly considered, it is unquestionably correct; but this charge by no means presents the law sufficiently regarding the possession of recently stolen property. There are two well defined and settled rules respecting this character of possession—that is, recent possession—and these two rules are based upon the fact, on the one hand, as to whether the party in possession made or attempted to make an explanation of his possession when called upon to do so; and on the other hand, where

he made no attempt whatever to explain, and under circumstances where he is not called upon to do so. In general terms the rule is, that if a party in whose exclusive possession property recently stolen is found fails to account for his possession when called upon to explain, or when the facts are such as require him to explain, the presumption of guilt arising from recent loss and possession will warrant a conviction without the necessity of further proof. In such cases it is, however, for the jury, under proper instructions, to determine the question of recent possession and explanation. Boyd v. The State, 24 Texas Ct. App., 570; Robinson v. The State, 22 Texas Ct. App., 690; Taylor v. The State, 27 Texas Ct. App., 463; Willson's Crim. Stats., sec. 1300.

If there is no explanation made by the party when first found in possession of same, and when he has not been called upon to explain his possession, then, and in such event, to warrant an inference or presumption of guilt from the circumstance of possession alone, such possession must be recent, must be personal and exclusive, must be unexplained, and must involve a direct and conscious assertion of property by the defendant. Willson's Crim. Stats., sec. 1299; Field v. The State, 24 Texas Ct. App., 422; Morgan v. The State, 25 Texas Ct. App., 513; Jackson v. The State, 28 Texas Ct. App., 143. So, then, where the recent possession is unexplained, the court should in effect charge the jury that to warrant a conviction they must be satisfied that the possession was recent, personal, exclusive, unexplained, and involved a distinct and conscious assertion of property by the defendant, before they would be warranted in finding a verdict of guilty. As stated above, the case presented by the evidence was one which came within the latter category—that is, recent possession, unexplained. Such being the case, the charge of the court as quoted above upon this phase of the evidence was wholly insufficient.

There is another defect in the charge of the court, and it is this: Evidence was introduced by the State showing that another horse was stolen about the same time as the horse in question, and which was also recovered at the same time as the one in question. We find no instruction in the charge of the court bearing upon this phase of the case. The rule is well settled, that "where there is evidence adduced by the State proving or tending to prove the theft of other property than that alleged in the indictment at the same time and place, the charge should not fail to instruct the jury that such testimony can only be considered by them for the purpose for which it was admitted—that is, to establish identity in developing the *res gestæ*, or to prove the guilt of the accused by circumstances connected with the theft, or to show the intent with which the defendant acted with respect to the property for the theft of which he is on trial; and that they could not convict the defendant for the theft of any other property than that named in the in-

dictment." Willson's Crim. Stats., sec. 1306. Hanley v. The State, 28 Texas Ct. App., 375, and authorities there cited.

For the errors as above pointed out in this case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.